Duquesne Trust Company, Appellant, *v.* Benovitz.

Argued March 28, 1938; reargued September 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Julius L. Schoenberg,* with him *William M. Ewing,* for appellant.

*Francis A. Wolf,* for appellee.

OPINION BY MR. JUSTICE LINN, December 5, 1938:

This appeal is from an order made on exceptions to a sheriff's return complaining that, on a lien creditor's bid of $5,000, the sheriff had accepted the creditor's receipt instead of cash; such a return is authorized in a proper case by the Act of April 20, 1846, P. L. 411, 12 PS sections 2511, 2512, entitled "An Act Relative to lien creditors becoming purchasers at judicial sales, and for other purposes"; see also Act of June 12, 1931, P. L. 542, 12 PS section 2670. The point for decision is whether the court was authorized to require the creditor to pay in cash.

The sale, July 1, 1935, was on two judgments against Sigmund Benovitz, entered May 13 and 14, 1932, in favor of the appellant, Duquesne Trust Company, representing unpaid loans of $4,200 made by the Trust Company to Benovitz on and prior to May 1, 1932. The sheriff accepted the Trust Company's bid of $5,000, receiving $1,527.69 in cash for costs and taxes and the bidder's receipt as lien creditor for the balance; he then made a formal return of that fact pursuant to the stat-

ute. Section 2 provides for exceptions to such return by "any person interested." William Katz, as an interested person (see *Shaw's Appeal*, 46 Pa. 407, 409) objected to the return on the ground that the Trust Company was not entitled to the proceeds of the sheriff's sale, asserting that its lien was junior to a prior lien in his favor "decreed in the case of the *Duquesne Trust Company v. Sigmund Benovitz, et al.*, No. 2851 July Term, 1932. . . ."* That was a proceeding in equity brought by the Trust Company in the common pleas of Allegheny County, to set aside a conveyance in fraud of his creditors made by Benovitz to Katz and wife on May 2, 1932. The chancellor found that the conveyance was fraudulent and, by a decree made in September, 1934, ordered reconveyance to Benovitz. It appeared that when Benovitz conveyed to Katz, the property was subject to liens for taxes and other judgments and charges and that Katz paid them. The chancellor held that as those payments went in relief of the land and of the parties interested in it, that "William Katz is entitled to a lien against the property so reconveyed to the extent of $2,988.90 representing the sums of money expended by him since acquiring the property in the manner aforesaid." The decree provided that Katz reconvey to Benovitz "subject to a lien" in that amount. The Trust Company did not except to that decree. Katz reconveyed to Benovitz, who held title at the time of the execution.

In the present distribution proceeding, Katz supported his exception to the sheriff's return by contending that the lien so imposed in his favor in the Trust Company's equity suit, was created to provide reimbursement of sums paid by him in discharge of prior liens existing when Benovitz conveyed to him, and was therefore entitled to retain priority in distribution over the Trust Company's judgments entered May 13 and 14, 1932,

---

* The adjudication and decree made in that suit were made part of the record now under review.

against Benovitz after his conveyance to Katz. In reply, it was said that the sheriff was entitled to distribute on the faith of the certificate of the prothonotary which showed that the Trust Company held the first lien, and from which the lien imposed by the equity decree was omitted. The reply is insufficient; a record may be corrected in a proper case. The Trust Company not only had notice of Katz's lien *(Lambert v. K-Y Transportation Co.,* 113 Pa. Superior Ct. 82, 85, 172 A. 180) but it was imposed in the suit to which the Trust Company was a party necessarily bound by the decree.

The learned court below was right in sustaining the exception but erred in departing from the terms of the Act of 1846, *supra,* by ordering the lien creditor to pay the balance of the bid to the sheriff and directing the sheriff to pay the amount into court for distribution. The provision of the Act is "and in case it shall be determined that the said purchaser or purchasers were not entitled to receive said money, it shall be the duty of the proper court to set aside the sale, and direct the real estate to be resold, unless the money is paid to the sheriff . . . within ten days thereafter."

When the case was first argued in this Court, it appeared that an important part of the equity proceeding had been incorporated in the record but for some unexplained reason had not been made part of the record certified to this Court; we were therefore required to direct that the record be corrected by including what had been omitted and that the appeal be reargued. It appears that in the equity suit Katz was ordered to account for the rents, profits and other income received from the property during the time he held the title, and that subsequently the Potter Title & Trust Company was appointed Trustee to receive rents, etc., then due or to become due. In the opinion filed pursuant to Rule 58 the learned court said: "The dispute here is solely between the two parties, William Katz and the Duquesne Trust Company. It arises solely on records of this court,

and principally on the equity case above referred to. This equity case is not yet closed, and it still remains for the Court to order distribution of funds in the hands of the trustee appointed in the decree above referred to. There is, of course, nothing in this case requiring the directing of an issue. Likewise, there is no reason for the appointment of an auditor, as the Court can, without the aid of an auditor, readily determine the rights of these two parties, both as to the fund in the hands of the trustee under its decree, as well as to the fund realized by the Sheriff's sale, 'according to law and equity.' "

The court has authority to make the distribution without an auditor (Act of June 12, 1931, P. L. 542, 12 PS section 2670) but as the court was not authorized to require this lien creditor to pay the bid made in this case in cash, the order cannot be affirmed. We assume that by the time the distribution of the proceeds of the sale in this case is reached, the court will have ordered the accounts in the equity case (the account by Katz ordered July 9, 1934, and the account by the Potter Title & Trust Company subsequently ordered) brought down to the same date for the purpose of facilitating distribution in both cases at the same time, so that, if the Duquesne Trust Company again becomes the purchaser at the sheriff's sale, or, in the alternative, elects to pay the amount of its present bid to the sheriff, the court will control the distribution in both cases in such way that, the dispute being between Katz and the Duquesne Trust Company, the Duquesne Trust Company may receive credit for the amounts distributable in the equity suit.

The order is reversed and the record is remitted with instructions to set aside the sale on the ground excepted to, and to direct the real estate to be resold unless (in the words of the statute) the money is paid to the sheriff within ten days thereafter; costs to be paid out of the fund.